STATE OF CONNECTICUT *v.* KENNETH WAYNE COBBS
(4141)

BORDEN, SPALLONE and BIELUCH, Js.

Argued May 7—decision released June 17, 1986

*Michael A. Connor, Jr.,* public defender, for the appellant (defendant).

*Thomas M. Stephens,* special assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant was tried by a jury on a charge of murder and was convicted on the lesser included offense of manslaughter in the first degree, a violation of General Statutes § 53a-55 (a) (1). He takes this appeal from the judgment rendered after his conviction.

The sole issue raised by the defendant is his claim that the trial court erred in denying his motion to suppress a statement that the defendant made to the police in his home.

The jury could reasonably have found the following facts. Just after midnight on January 7, 1984, a game of dice was in progress under a street lamp on Cabot

Street in Hartford. After a particular roll of the dice, a request for payment was made by one of the players, Dennis Casey. One of the other players, Philip Grant, refused to pay and a fight ensued. Casey punched Grant in the face. Grant cut Casey's hand with a knife. Casey took a bat from a bystander and then chased Grant down the street. Grant was looking for a stick to use as a weapon to counter the bat in Casey's hands. As Casey chased Grant down the street, Casey was stopped by Michael Walker and the victim, Stanley Williams. Walker and Williams attempted to remove the bat from Casey's hands. As Casey, Walker and Williams struggled for the bat, a crowd gathered around them. The defendant, Kenneth Cobbs, who until this point was not involved in the fight, walked up to Williams and stabbed him in the back, saying, "Get off him." Williams stumbled away from the crowd and later died from the stab wound. The defendant walked away from the scene wiping his knife.

At about 1 a.m., after the victim was taken to the hospital, the police began their investigation of the incident. After interviewing several witnesses, the police began to look for the defendant. At about 3:30 a.m., that same morning, Lieutenant Joseph Croughwell and three other Hartford police officers went to the home of the defendant's mother. Some lights were on in the house and as the officers approached the door intending to knock on it, one of the officers was attacked by a large german shepherd dog which caused a commotion. Hearing the disturbance, the defendant's mother opened the door. Croughwell approached her and asked permission to enter, saying, "Let me talk to you" and "Let me come in and talk to you." She gave the officers permission to enter, saying, "Okay, what are you doing with my dog."

As the officers entered the house, Croughwell stated: "We're looking for Kenneth Cobbs," or "We're look-

ing for your son." Immediately after that statement was made, and just as the officers crossed the threshold into the house, the defendant appeared, and stated, "I'm the one you're looking for." The defendant was arrested and was taken to the police station. No other statements were made by the police before the arrest and neither his mother nor the defendant resisted the entry of the police into the home.

Prior to the trial, the defendant moved to suppress the statement he made to the police upon their entry into his home, claiming the statement was a result of illegal police action. The trial court denied the motion after a hearing. In its charge to the jury, the court stated that the jury could consider the statement as consciousness of guilt. We find no error in the court's ruling concerning this motion.

We agree fully with the state's argument that the arrest of the defendant in his home was legal under the fourth amendment. The police entered the house with the consent of the defendant's mother, an occupant of the house, and such consent was not the result of coercion or deceit. Although under the fourth amendment a warrantless entry into a suspect's home in order to make a routine felony arrest is presumptively unreasonable; *Payton* v. *New York*, 445 U.S. 573, 586, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980); a search which has been undertaken pursuant to consent of an occupant of the premises constitutes a waiver of the warrant requirement. *United States* v. *Matlock*, 415 U.S. 164, 169, 94 S. Ct. 988, 39 L. Ed. 2d 242 (1974); *State* v. *Gallagher*, 191 Conn. 433, 437, 465 A.2d 323 (1983). Whether consent to entry was given voluntarily is a question of fact to be determined from the totality of the circumstances. *Schneckloth* v. *Bustamonte*, 412 U.S. 218, 221, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973); *State* v. *Gallagher*, supra, 444; *State* v. *Cardona*, 6 Conn. App. 124, 134, 504 A.2d 1061 (1986). No one

factor is controlling on the question of voluntariness; *Schneckloth* v. *Bustamonte,* supra, 226; which is normally to be decided by the trial court based on the evidence and the reasonable inferences drawn from that evidence. *State* v. *Jones,* 193 Conn. 70, 79, 475 A.2d 1087 (1984). The determination to be made is whether the will of the consenting individual was overborne, or whether the consent was his unconstrained choice. *Schneckloth* v. *Bustamonte,* supra, 225. The state must establish that the consent was voluntary and not the product of coercion or acquiescence to a claim of lawful authority. *State* v. *Jones,* supra; *State* v. *Cardona,* supra.

We note that the defendant's mother did not testify at the hearing on the motion to suppress the statement. The officer's testimony was uncontradicted and although this fact alone is not controlling, the trial court obviously found the officer's testimony credible when it implicitly found consent to enter by its denial of the defendant's motion. *State* v. *Jones,* supra. This finding may be reversed on appeal only if it is clearly erroneous. Practice Book § 3060 D; *State* v. *Jones,* supra, 79–80. We cannot say, under the facts and circumstances in this case, that the trial court's finding that the consent for the police to enter the home was voluntary was clearly erroneous.

The defendant's argument that his statement flowed from an illegal arrest is without merit. The statement was made as the police entered the home, and the defendant conceded at oral argument in this court that he was not under arrest when he made the statement.

There is no error.

In this opinion the other judges concurred.