STATE OF CONNECTICUT *v.* JERRY BLEVINS
(5242)

DALY, NORCOTT and FOTI, Js.

---

Argued December 10, 1987—decision released February 9, 1988

*Eric D. Daniels,* special public defender, for the appellant (defendant).

*Carolyn K. Longstreth,* deputy assistant state's attorney, with whom, on the brief, was *John H. Malone,* assistant state's attorney, for the appellee (state).

FOTI, J. After a jury trial, the defendant was convicted of the crimes of sexual assault in the first degree in violation of General Statutes § 53a-70, and burglary in the second degree in violation of General Statutes § 53a-102.[1] The defendant claims on appeal that: (1) his constitutional rights were violated by a warrantless search; (2) he was not properly advised of his constitutional rights; (3) the court erred in denying his motion

---

[1] The jury also returned a verdict of guilty on a third count of the crime of failure to appear in the first degree, a violation of General Statutes § 53a-172 (a), from which the defendant took no appeal.

to suppress his identification; (4) the court erred in striking testimony regarding the physical condition of the defendant; (5) the court erred in failing to grant a mistrial; (6) there was insufficient evidence to convict; and (7) there was ineffective assistance of counsel. We find no error.

The jury could reasonably have found the following facts. On July 6, 1980, at about 3 a.m., the victim felt her bed move and opened her eyes to see the figure of a short black man on the bed. He placed a pillow over her head and said: "Shut up, don't move or I'll kill you." He then sexually assaulted her while holding a sharp instrument to her side.

The intruder spoke during the assault, and the victim thought that she recognized his voice as that of the man who lived in the apartment directly above her apartment. The intruder stayed in the victim's apartment for approximately fifteen minutes. Seconds after the intruder had left, the victim saw him run by her bedroom window toward the rear of the building. She then heard someone climb the back stairs of the building and slam the door and run through the kitchen of the upstairs apartment.

At about 4:00 a.m., while at New Britain General Hospital, the victim informed the police that she believed her assailant resided in the apartment directly above her apartment. The police went to that apartment and after knocking on the door heard a man's voice. A woman opened the door and told the police that there were no men residing in the apartment. The officers were admitted to the apartment where they found a man fully clothed in the shower; he was taken into custody after the police learned there were outstanding warrants for his arrest. The defendant subsequently came out of the bedroom and stated that he resided in the apartment. He was asked to accompany the police to the station, which he did.

The defendant, who was not handcuffed, was driven to the police station and asked to sit in the lobby near the door. He was not guarded, and sat alone. Thereafter, he was asked to step into a small room with a one-way mirror along with the man who had been taken into custody in the apartment.

The victim observed both men and identified the defendant as the man who had committed the assault. She asked to hear both suspects' voices to confirm her identification. Both men were removed from her vision and each was asked to repeat the words "shut up, don't move or I'll kill you." The second male spoke first and the victim stated that he was not her assailant. When the defendant spoke the same words, the victim immediately identified his voice as that of the intruder who had sexually assaulted her, and stated that she was 100 percent certain of this identification.

I

The defendant first claims that the trial court erred in denying his motion to suppress the defendant's out-of-court and in-court identifications as fruits of an unreasonable warrantless search in violation of his constitutional rights. We do not agree.

The state has the burden of showing the voluntariness of a claimed consent to the entry or search of a home by police. *State* v. *Jones,* 193 Conn. 70, 79, 475 A.2d 1087 (1984). The state makes no claim that the entry into the defendant's apartment and the subsequent search was conducted pursuant to a warrant. "Although under the fourth amendment a warrantless entry into a suspect's home in order to make a routine felony arrest is presumptively unreasonable; *Payton* v. *New York,* 445 U.S. 573, 586, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980); a search which has been undertaken pursuant to consent of an occupant of the premises constitutes a waiver of the warrant requirement. *United*

*States* v. *Matlock,* 415 U.S. 164, 169, 94 S. Ct. 988, 39 L. Ed. 2d 242 (1974); *State* v. *Gallagher,* 191 Conn. 433, 437, 465 A.2d 323 (1983)." *State* v. *Cobbs,* 7 Conn. App. 656, 658, 510 A.2d 213 (1986); *State* v. *Delgado,* 13 Conn. App. 139, 147, 535 A.2d 371 (1987). The voluntary character of the consent is a question of fact to be determined from the totality of circumstances. *Schneckloth* v. *Bustamonte,* 412 U.S. 218, 221, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973); *State* v. *Cardona,* 6 Conn. App. 124, 134, 504 A.2d 1061 (1986). The trial court's ruling is not to be disturbed unless it is clearly erroneous. *State* v. *Van Der Werff,* 8 Conn. App. 330, 341, 513 A.2d 154, cert. denied, 201 Conn. 808, 515 A.2d 380 (1986). The ultimate question "is whether the will of the consenting individual was overborne, or whether the consent was his unconstrained choice." *State* v. *Cobbs,* supra, 659.

The trial court found that the officers were voluntarily allowed into the apartment, and that finding is supported by the record. Although the woman who allowed them to enter was not advised that she need not comply with their request, and although knowledge of the right to refuse to consent to entry is an important element in the determination of voluntariness; *Dotson* v. *Warden,* 175 Conn. 614, 619, 402 A.2d 790 (1978); such advice is not a prerequisite to voluntary consent. *Schneckloth* v. *Bustamonte,* supra. It is uniquely the function of the trier of facts to weigh the evidence and assess the credibility of witnesses. *State* v. *Coriano,* 12 Conn. App. 196, 203, 530 A.2d 197 (1987). We cannot conclude that the trial court's findings are clearly erroneous.

We note that even if the initial detention of the defendant had been illegal the subsequent identification of him was free from any taint of illegality under the circumstances present here. See *United States* v. *Crews,* 445 U.S. 463, 469, 100 S. Ct. 1244, 63 L. Ed.

2d 537 (1980); *State* v. *Bruno,* 1 Conn. App. 384, 387, 473 A.2d 311 (1984), aff'd, 197 Conn. 326, 497 A.2d 758 (1985), cert. denied, 475 U.S. 1119, 106 S. Ct. 1635, 90 L. Ed. 2d 181 (1986).

## II

The defendant next claims that he was under an implied arrest and therefore should have been given his *Miranda* warnings. He asserts that his constitutional right to have counsel present attaches during a voice identification. We do not agree.

It is clear that identification procedures such as lineups and the taking of fingerprints and blood or voice samples do not violate fifth amendment rights. *United States* v. *Wade,* 388 U.S. 218, 221, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967); *Schmerber* v. *California,* 384 U.S. 757, 761, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966). The privilege against self-incrimination protected by the fifth amendment to the United States constitution cannot be invoked in a situation where a suspect is merely required to provide evidence of physical characteristics. The right to the warnings required by *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), had, therefore, not yet attached. *Kirby* v. *Illinois,* 406 U.S. 682, 687–88, 92 S. Ct. 1877, 32 L. Ed. 2d 411 (1972).[2]

## III

The defendant next claims that the identification of his voice and his subsequent identification should have been suppressed because the procedure employed was unnecessarily suggestive, and, based upon an exami-

---

[2] The defendant made no other claims under the fifth amendment. The defendant does not claim that he was questioned either before or during visual or voice identification procedures. Immediately following the voice identification he was placed under arrest, given his *Miranda* warnings, and exercised his right to silence.

nation of the totality of the circumstances, the identification itself was not otherwise reliable. Specifically, he claims the prior viewing made the subsequent voice identification unnecessarily suggestive. We do not agree.

It is required, pursuant to the due process clause of the fourteenth amendment to the United States constitution that any identification be excluded if the procedure employed to obtain that identification was impermissibly suggestive. *Simmons* v. *United States,* 390 U.S. 377, 384, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968). "In order to establish that a pretrial identification procedure has violated a defendant's constitutional right to due process, the defendant must prove (1) that the identification procedure was unnecessarily suggestive, and (2) that the resulting identification was not reliable under the totality of the circumstances." *State* v. *Hunt,* 10 Conn. App. 404, 407, 523 A.2d 514 (1987); see also *State* v. *Williams,* 203 Conn. 159, 173, 523 A.2d 1284 (1987); *State* v. *Doolittle,* 189 Conn. 183, 190, 455 A.2d 843 (1983).

The victim viewed both suspects before listening to them speak, but at the time she heard the voice exemplars she could not see either of them. The two men also repeated the identical phrase. Both were suspects since both were found in the apartment into which the intruder was believed to have fled. The fact that only two exemplars were heard does not cause the procedure to be unnecessarily suggestive.

Further, the identification was not unreliable considering the totality of the circumstances. The victim had heard the defendant's voice on several occasions prior to the assault and had ample opportunity to hear it during the time he was in her apartment. Finally, the time interval between the incident and the voice identification was not longer than four hours. She

responded to the defendant's voice immediately, thus, the court was not in error in finding that under the totality of circumstances the identification was reliable and the procedure not unnecessarily suggestive. *State v. Daniels,* 13 Conn. App. 133, 135, 534 A.2d 1253 (1987).

We have considered the defendant's other claims of error, and, upon a careful review of the record and briefs, and affording the appropriate scope of review to all of the claims of error raised by the defendant in his remaining four challenges, we find no merit to these claims.

There is no error.

In this opinion the other judges concurred.