STATE OF CONNECTICUT *v.* MIGUEL A. ORTIZ
(6833)

SPALLONE, STOUGHTON and NORCOTT, Js.

Argued October 20—decision released November 15, 1988

*Nicholas P. Cardwell,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* deputy assistant state's attorney, with whom, on the brief, was *Seymour Rothenberg,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of conviction rendered after he entered a conditional plea of nolo contendere to the crime of possession of narcotics, General Statutes § 21a-279.

The sole question presented for our resolution is whether the evidence adduced at a hearing on the defendant's motion to suppress supports the court's determination that a warrantless search of the defendant's person and property was conducted with the consent of the defendant.

At a suppression hearing, the state has the burden of establishing by a preponderance of the evidence that the defendant voluntarily consented to the search. *United States* v. *Calvente,* 722 F.2d 1019, 1023 (2d Cir. 1983). "[T]he question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Schneckloth* v. *Bustamonte,* 412 U.S. 218, 227, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973), accord *State* v. *Jones,* 193 Conn. 70, 79, 475 A.2d 1087 (1984); *State* v. *Blevins,* 13 Conn. App. 413, 417, 536 A.2d 1002 (1988); *State* v. *Davis,* 3 Conn. App. 359, 364, 488 A.2d 837 (1985). The voluntariness of the consent is normally

decided by the trial court based on the evidence it deems credible along with the reasonable inferences that can be drawn therefrom. *State* v. *Reddick,* 189 Conn. 461, 469, 456 A.2d 1191 (1983). "The ultimate question 'is whether the will of the consenting individual was overborne, or whether the consent was his unconstrained choice.' " *State* v. *Blevins,* supra, 417, quoting *State* v. *Cobbs,* 7 Conn. App. 656, 659, 510 A.2d 213 (1986). The conclusions of the trial court will stand on appeal unless they are clearly erroneous. *State* v. *Zindros,* 189 Conn. 228, 244, 456 A.2d 288 (1983), cert. denied, 465 U.S. 1012, 104 S. Ct. 1014, 79 L. Ed. 2d 244 (1984).

The evidence presented at the suppression hearing amply supports the trial court's finding that the search of the defendant was consensual. The trial court properly denied the defendant's motion to suppress.

There is no error.