## STATE OF CONNECTICUT *v.* JOSE RODRIGUEZ
## (AC 17234)

Lavery, Sullivan and Spallone, Js.

Argued May 29—officially released August 11, 1998

*M. Donald Cardwell,* for the appellant (defendant).

*Rita M. Shair,* assistant state's attorney, with whom were *John A. Connelly,* former state's attorney, and, on the brief, *John J. Davenport,* assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant appeals from his conviction, following a plea bargain, of possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a). The defendant was arrested following the receipt of information provided by several informants and a surveillance of certain premises within which certain alleged criminal acts occurred.

The defendant was successful in suppressing evidence that was obtained from his person and his automobile. The defendant did not prevail on his motion to exclude evidence that was seized from his apartment,

which evidence the court ruled was admissible because Juana Lara, the woman who rented the apartment and with whom the defendant lived, voluntarily consented to the search.

It is axiomatic that " 'searches and seizures inside a home without a warrant are presumptively unreasonable.' *Payton* v. *New York*, 445 U.S. 573, 586, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980); *State* v. *Guertin*, 190 Conn. 440, 446, 461 A.2d 963 (1983). A warrantless search or entry into a house is not unreasonable, however, under the fourth amendment to the United States constitution or article first, § 7, of the Connecticut constitution when a person with authority to do so has freely consented. *State* v. *Reagan*, 209 Conn. 1, 7, 546 A.2d 839 (1988)." *State* v. *MacNeil*, 28 Conn. App. 508, 513, 613 A.2d 296, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992). "The question of whether a defendant has given voluntary consent to enter or search his or her premises is a question of fact to be determined by the trial court by considering the totality of the circumstances surrounding the entry or search. *State* v. *Ortiz*, 17 Conn. App. 102, 103, 550 A.2d 22, cert. denied, 209 Conn. 828, 552 A.2d 1216 (1988)." *State* v. *Vargas*, 34 Conn. App. 492, 496, 642 A.2d 47, cert. denied, 230 Conn. 907, 644 A.2d 921 (1994). "Whether there was valid consent to search is a factual question that will not be lightly overturned on appeal. *United States* v. *Sanchez-Jaramillo*, 637 F.2d 1094, 1098 (7th Cir.), cert. denied, 449 U.S. 862, 101 S. Ct. 166, 66 L. Ed. 2d 79 (1980)." *State* v. *Zarick*, 227 Conn. 207, 226, 630 A.2d 565, cert. denied, 510 U.S. 1025, 114 S. Ct. 637, 126 L. Ed. 2d 595 (1993).

In this case, the trial court made specific findings regarding Lara's consent to search. In its memorandum of decision on the defendant's motion to suppress, the trial court found that the defendant lived with Lara in an apartment that Lara rented and acknowledged to be hers. Lara also told the police that she knew this was

going to happen someday and expressed a willingness to cooperate with the police. Lara also signed the consent form after one of the police officers translated it into Spanish and she indicated that she understood the completed consent form. After Lara executed the consent form, she directed the police to her bedroom closet where she pointed out a cardboard box that contained, inter alia, illegal drugs.

On the basis of these facts, the trial court's finding that under the totality of the circumstances, Lara voluntarily consented to a search of her apartment was not clearly erroneous. Therefore, it properly denied the defendant's motion to suppress the evidence found in the apartment.

Essentially, the defendant's claim is that the trial court failed to consider that the consent to search that was given to the police was tainted by the defendant's illegal arrest and that the evidence found in the apartment was derivative of police misconduct. The issue of whether the determination of the police to search the apartment was either based on information that was obtained from the unlawful search of the defendant's person and automobile, or resulted from information that was obtained from informants and surveillances, independent of the illegal search, was not raised by the defendant in the trial court, nor was it the subject of a request for an articulation from the trial court.

The defendant's failure to file a motion for an articulation to obtain an elucidation of the trial court's decision results in a record that is inadequate for our review. See Practice Book (1998 Rev.) § 66-5, formerly § 4051. We will not review that claim.

The judgment is affirmed.